**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcus Lamonte BROWN,**
**Defendant–Appellant.**

**No. 01–10018.**
**D.C. No. CR–00–00120–RLH.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

---

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

### MEMORANDUM **

Marcus Lamonte Brown appeals his 104–month sentence, imposed after pleading guilty to three counts of controlled substance violations under 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Brown first contends that the district court incorrectly calculated his criminal history category. We decline to address this contention, because we find that Brown waived the specific objections he now raises on appeal. *See United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir.1995) (en banc) (declining to address government's cross-appeal of defendants' sentences, because "A challenge to an adjustment of an offense level must be raised *specifically* at sentencing in order to afford the district court an opportunity to correct any potential error. A challenge that is not properly raised in the district court is waived.")

To the extent Brown has not waived this objection, it lacks merit because the Sentencing Guidelines range would remain unaffected. *See United States v. Collins*, 109 F.3d 1413, 1422–23 (9th Cir.1997) (finding harmless any alleged error, where resulting sentence would remain the same).

Brown also challenges the constitutionality of § 841(a) in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by our decision in *United States v. Buckland*, 277 F.3d 1173, 1175 (9th Cir. 2002) (en banc) (upholding facial constitutionality of § 841), and is further undermined by Brown's own admission in his guilty plea and at the plea hearing as to the amount and type of controlled substance at issue herein.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We find no waiver of appellate rights here, because Brown reasonably could have believed from the district court's statements made during the plea hearing that he retained his right to file this appeal. *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir.1995) (holding that district court's unambiguous oral pronouncement of sentence controls to the extent that it directly conflicts with written judgment).

